

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-4-2008

# Buggs v. Tennis

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3394

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Buggs v. Tennis" (2008). *2008 Decisions.* Paper 273.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/273

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

———

NO. 06-3394

———

JOHN HOWARD BUGGS, JR.
Appellant

v.

FRANKLIN J. TENNIS; THE DISTRICT ATTORNEY
OF THE COUNTY OF PHILADELPHIA;
THE ATTORNEY GENERAL OF PENNSYLVANIA

———

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action No. 05-cv-04865)
District Judge:  Hon. Edmund V. Ludwig

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 31, 2008

BEFORE:  SLOVITER, STAPLETON, and TASHIMA,*
Circuit Judges

(Opinion Filed: November 4, 2008)

———

*Hon. A. Wallace Tashima, Senior United States Circuit Judge for the Ninth
Circuit, sitting by designation.

## OPINION OF THE COURT

STAPLETON, Circuit Judge:

John Buggs filed a petition for habeas corpus relief claiming that his attorney's failure to solicit testimony from his friends and close family about the victim's purported reputation for dishonesty rendered the attorney's assistance ineffective and thus denied him a fair trial. The District Court denied his petition; we will affirm.

## I.

Because we write only for the parties who are familiar with the factual context and procedural history of the case, we set forth only those facts necessary to our analysis.

Buggs was convicted of raping his cousin on three separate occasions, first when she was nine years old, then when she was twelve, and finally when she was seventeen. After this final incident, she confided in a friend who urged her to go to the police; this report ultimately led to Buggs's arrest and indictment. Buggs opted for a bench trial where he testified that he had not had sexual contact with the victim until she was seventeen, and only consensual contact thereafter. He was convicted on all three counts of rape.

## II.

The gravamen of Buggs's ineffective assistance claim is that his attorney failed to

call and/or question some of his close friends and family members, who were apparently prepared to testify that the victim had a reputation for dishonesty.[1]  Reviewing this claim, Pennsylvania's PCRA court considered the potential prejudice that this omission visited, which it concluded was none, and refused to set aside his conviction.  Under the Antiterrorism and Effective Death Penalty Act, we will not grant habeas relief unless this decision ignored or misapprehended Supreme Court precedent on point, arrived at a conclusion contrary to that precedent when "confront[ing] a set of facts that are materially indistinguishable" from it, or involved an "unreasonable application of . . . clearly established federal law, as determined by the Supreme Court of the United States." *Williams v. Taylor*, 529 U.S. 362, 406 (2000).  Because Buggs cites no case where the Supreme Court granted relief on a materially indistinguishable set of facts, nor any precedent that he believes was misapprehended or ignored, he is left to argue that the state courts applied the existing precedent governing ineffective assistance claims – precedent that demands Buggs show that 1) his counsel's performance fell below an "objective standard of reasonableness," and 2) prejudice – in an unreasonable way.  *See, e.g.*, *Strickland v. Washington*, 466 U.S. 668 (1984).

As noted above, the PCRA court's opinion was confined to the prejudice prong.  It concluded that it was highly unlikely that soliciting testimony from witnesses who were

---

[1]We have jurisdiction pursuant to 28 U.S.C. § 1291.  Because the District Court did not conduct an evidentiary hearing, we review its findings of fact and conclusions of law without deference.  *Slutzker v. Johnson*, 393 F.3d 373, 378 (3d Cir. 2004).

clearly not impartial about the victim's purported reputation for dishonesty would have changed the outcome. This is especially so because Buggs's attorney attacked the victim's credibility in other ways, exposing inconsistencies in her account, pointing out her delay in coming forward, and by putting Buggs on the stand so that he could testify that the victim was lying about the dimensions of their relationship. As a result, the PCRA court concluded that there is no "reasonable probability that, but for [this omission], the result of the proceeding would have been different," and this conclusion was affirmed by the Superior Court.[2] We cannot say that this result constituted an unreasonable application of clearly established federal law.

### III.

The judgment of the District Court will be affirmed.

---

[2]The Pennsylvania Supreme Court denied discretionary review.